UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ANDRE A. JOHNSON,

                         Plaintiff,                         DECISION AND ORDER

vs.                                             16-CV-6523 CJS

CARL J. KOENIGSMANN, et al.,

                         Defendants.

_____

**Siragusa, J.** This prisoner civil rights case is before the Court on Defendants' motion for summary judgment. Motion for Summary Judgment, Nov. 21, 2016, ECF No. 10. The defense included an *Irby*[1] notice in its motion papers. ECF No. 10-2. On October 27, 2016, Plaintiff filed a change of address indicating his move to Wyoming Correctional Facility. On November 22, 2016, the Court issued a motion scheduling order directing Plaintiff to file any response by December 20, 2016. ECF No. 11. That order was served on Plaintiff at Wyoming Correctional Facility by U.S. mail. To date, Plaintiff has not responded to the motion.

Defendants move on two grounds, only one of which is addressed here.[2] Defendants contend that Plaintiff failed to exhaust his administrative remedies prior to filing suit. Exhaustion is required with exceptions only in rare circumstances which are not applicable here. 42 U.S.C. § 1997e(a); *Ross v. Blake*, 136 S. Ct. 1850 (2016). The exhibits filed by Defendants

---

[1] *Irby v. New York City Transit Authority*, 262 F.3d 412 (2d Cir. 2001).

[2] Because the Court finds that Plaintiff failed to exhaust administrative remedies and dismisses the complaint on that basis, the Court need not address the other grounds for dismissal.

show that although Plaintiff grieved the matters underlying this lawsuit, he did not follow

through with the appeals process prior to filing suit. To satisfy the exhaustion requirement,

> prisoners in New York must ordinarily follow a three-step DOCS[3] grievance process. The first step in that process is the filing of a grievance with the Inmate Grievance Resolution Committee. Next, the inmate may appeal an adverse decision to the prison superintendent. Finally, the inmate may appeal the superintendent's decision to the Central Office Review Committee ("CORC"). *Brownell v. Krom,* 446 F.3d 305, 309 (2d Cir.2006). In general, it is only upon completion of all three levels of review that a prisoner may seek relief in federal court under § 1983. *Neal v. Goord,* 267 F.3d 116, 121 (2d Cir. 2001), *overruled on other grounds by Porter v. Nussle,* 534 U.S. 516, 122 S. Ct. 983, 152 L.Ed.2d 12 (2002); *Campos v. Correction Officer Smith,* 418 F.Supp.2d 277, 278 (W.D.N.Y. 2006).

*Crenshaw v. Syed*, 686 F. Supp. 2d 234, 236 (W.D.N.Y. 2010).

A motion for summary judgment in lieu of answer is appropriate in a case such as this.

*See Anderson v. Rochester-Genesee Regional Transp. Authority*, 337 F.3d 201, 202 (2d Cir.

2003) ("defendants moved for summary judgment in lieu of answering the complaint"); *see*

*also Omaro v. Annucci*, 68 F. Supp. 3d 359, 362 (W.D.N.Y. 2014) (granting summary judg-

ment in lieu of an answer on a failure to exhaust defense).

Summary judgment may not be granted unless "the pleadings, depositions, answers

to interrogatories, and admissions on file, together with the affidavits, if any, ... demonstrate

the absence of a genuine issue of material fact," *Celotex Corp. v. Catrett*, 477 U.S. 317, 323

(1986), and "the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a)

(2015). "In moving for summary judgment against a party who will bear the ultimate burden

of proof at trial, the movant may satisfy this burden by pointing to an absence of evidence to

support an essential element of the nonmoving party's claim." *Gummo v. Village of Depew,*

75 F.3d 98, 107 (2d Cir. 1996) (citation omitted).

---

[3] A reference to the New York Department of Corrections, now known as the Department of Correctional and Community Services ("DOCCS").

The burden then shifts to the non-moving party to demonstrate specific facts showing that there is a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986). To do this, the non-moving party must present evidence sufficient to support a jury verdict in its favor. *Id.* at 249. "[F]actual issues created solely by an affidavit crafted to oppose a summary judgment motion are not 'genuine' issues for trial." *Hayes v. N.Y. City Dep't of Corr.*, 84 F.3d 614, 619 (2d Cir. 1996). Summary judgment is appropriate only where, "after drawing all reasonable inferences in favor of the party against whom summary judgment is sought, no reasonable trier of fact could find in favor of the non-moving party." *Leon v. Murphy*, 988 F.2d 303, 308 (2d Cir. 1993). The parties may only carry their respective burdens by producing evidentiary proof in admissible form. Fed. R. Civ. P. 56(c)(1). The underlying facts contained in affidavits, attached exhibits, and depositions, must be viewed in the light most favorable to the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The Court's local rule permits it to adopt an undisputed statement of facts filed by the moving party. Here, Defendants' statement of facts has not been disputed, and the Court adopts it in total. W.D.N.Y. Loc. R. Civ. P. 56(a)(2). The facts deemed admitted show that Plaintiff failed to comply with the Prison Litigation Reform Act's exhaustion requirement, § 1997e(a). Nothing before the Court shows that administrative remedies were not available in this case. Consequently, Plaintiff was required to utilize those remedies prior to bringing suit. *Ross*, 136 S. Ct. at 1862. *Neal v. Goord*, 267 F.3d 116, 117–18 (2d Cir. 2001) ("We hold in this case for the first time that where exhaustion is required, failure to do so must result in dismissal, notwithstanding efforts by the inmate-plaintiff to pursue administrative remedies while simultaneously seeking relief in federal court."); *see also Porter v. Nussle*, 534 U.S. 516, 532 (2002) ("we hold that the PLRA's exhaustion requirement applies to all inmate suits about

prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong.")

Defendants' motion for summary judgment, ECF No. 10, is granted. The complaint is dismissed without prejudice due to Plaintiff's failure to comply with the exhaustion requirement in 42 U.S.C. § 1997e(a). The Clerk is directed to enter judgment and close this case.

DATED:  June 27, 2018
          Rochester, New York

                          /s/ Charles J. Siragusa
                          CHARLES J. SIRAGUSA
                          United States District Judge